# Exhibit C

# CHEESWRIGHTS
## NOTARIES PUBLIC

TO ALL TO WHOM THESE PRESENTS SHALL COME, I **EDWARD GARDINER** of the City of London, England **NOTARY PUBLIC** by royal authority duly admitted, sworn and holding a faculty to practise throughout England and Wales, DO HEREBY CERTIFY that the photographic copies hereunto annexed are true copies of the original document and of my original notarial certificate attached thereto, I having carefully collated and compared the said copies with the said originals and found the same to agree therewith.

IN FAITH AND TESTIMONY WHEREOF I the said notary have subscribed my name and set and affixed my seal of office in London, England this sixteenth day of March in the year two thousand and sixteen.






Regulated by the Faculty Office of the Archbishop of Canterbury

Bankside House 107 Leadenhall Street London EC3A 4AF
Tel 020 7623 9477  Fax 020 7623 5428
E-mail notary@cheeswrights.co.uk
DX 627 / London City EC3   www.cheeswrights.co.uk

**APOSTILLE**
(Convention de La Haye du 5 octobre 1961)

| | |
|---|---|
| 1. **Country:** Pays/Pais | United Kingdom of Great Britain and Northern Ireland |
| **This public document** Le présent acte public / El presente documento público | |
| 2. **Has been signed by** a été signé par ha sido firmado por | Edward Gardiner |
| 3. **Acting in the capacity of** agissant en qualité de quien actúa en calidad de | Notary Public |
| 4. **Bears the seal/stamp of** est revêtu du sceau / timbre de y está revestido del sello / timbre de | The Said Notary Public |
| **Certified** Attesté / Certificado | |
| 5. **at** á / en   London | 6. **the** le / el día   17 March 2016 |
| 7. **by** par / por | Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs |
| 8. **Number** sous no / bajo el número | K907987 |
| 9. **Seal / stamp:** Sceau / timbre: Sello / timbre: | 10. **Signature:** Signature: Firma:   R. Bath |

This Apostille is not to be used in the UK and only confirms the authenticity of the signature, seal or stamp on the attached UK public document. It does not confirm the authenticity of the underlying document. Apostilles attached to documents that have been photocopied and certified in the UK confirm the signature of the UK public official who conducted the certification only. It does not authenticate either the signature on the original document or the contents of the original document in any way.
If this document is to be used in a country which is not party to the Hague Convention of 5th October 1961, it should be presented to the consular section of the mission representing that country.
*To verify this apostille go to www.verifyapostille.service.gov.uk*

# CHEESWRIGHTS
### NOTARIES PUBLIC

TO ALL TO WHOM THESE PRESENTS SHALL COME, I **EDWARD GARDINER** of the City of London, England **NOTARY PUBLIC** by royal authority duly admitted, sworn and holding a faculty to practise throughout England and Wales, DO HEREBY CERTIFY the genuineness of the signature subscribed to the certificate appearing on the copy document hereunto annexed, such signature being in the own, true and proper handwriting of **ELIANA MARIA TORNESE**, deputy registrar of **THE LONDON COURT OF INTERNATIONAL ARBITRATION**, a United Kingdom company duly organised and existing, registered with the Registrar of Companies for England and Wales under number 2047647, who, acting in such capacity, is a proper and competent officer to issue such certificate.

IN FAITH AND TESTIMONY WHEREOF I the said notary have subscribed my name and set and affixed my seal of office in London, England this sixteenth day of March in the year two thousand and sixteen.





Regulated by the Faculty Office of the Archbishop of Canterbury

Bankside House  107 Leadenhall Street  London EC3A 4AF
Tel 020 7623 9477  Fax 020 7623 5428
E-mail notary@cheeswrights.co.uk
DX 627 / London City EC3   www.cheeswrights.co.uk

International Union of Notaries

SCRIVENER NOTARIES

IN THE MATTER OF AN ARBITRATION UNDER THE RULES OF ARBITRATION OF THE LONDON COURT OF INTERNATIONAL ARBITRATION

LCIA CASE: 132527

BETWEEN

(1) Pearl Petroleum Company Limited
(2) Dana Gas PJSC
(3) Crescent Petroleum Company International Limited

CLAIMANTS

The Kurdistan Regional Government of Iraq

RESPONDENT

---

**Memorandum of Correction of the Second Partial Final Award dated 27 November 2015**

**JANUARY 2016**

---

BEFORE
Rt. Hon. Lord Hoffmann (Presiding Arbitrator)
Rt. Hon. Lord Collins of Mapesbury
Mr John Beechey

LONDON COURT OF INTERNATIONAL ARBITRATION
Certified true copy of original

LCIA Deputy Registrar
ELIANA TORNESE
Date 20/1/2016

1.  On 27 November 2015 the Tribunal issued a Second Partial Final Award ("the Award"). It contains in paragraph 105(a) the following order:

    > We order that KRG pay to Pearl within 28 days the sum of US$1,981,951,322 in respect of Pearl's claims under contracts for the sale of condensates and LPG made pursuant to BP [bullet point] [7] of the HoA [Heads of Agreement] until 30 June 2015, being USD$1,762,505,521 in respect of sales and deliveries to the KRG and US$219,445,801 in respect of sales to third parties."

2.  Paragraph 90 contains the same figures.

3.  The figure of US$1,981,951,322 was inserted in error because the Tribunal accidentally did not deduct the sum of US$18,581,002 representing net receivables which had been received from third parties and for which the Claimants accepted the KRG was entitled to credit. The need for this deduction appears from the Claimants' expert evidence and submission and was noted by the Tribunal in paragraph 85 of the Award, where it is stated that "the net amount shown to be owing to Pearl is US$1,963,370,320".

4.  Article 27.1 of the LCIA Arbitration Rules provides:

    *Article 27   Correction of Awards and Additional Awards*

    *27.1 Within 30 days of receipt of any award, or such lesser period as may be agreed in writing by the parties, a party may by written notice to the Registrar (copied to all other parties) request the Arbitral Tribunal to correct in the award any errors in computation, clerical or typographical errors or any errors of a similar nature. If the Arbitral Tribunal considers the request to be justified, it shall make the corrections within 30 days of receipt of the request. Any correction shall take the form of separate memorandum dated and signed by the Arbitral Tribunal or (if three arbitrators) those of its members assenting to it; and such memorandum shall become part of the award for all purposes.*

5.  The Claimants requested the correction by notice to the Registrar (copied to the Tribunal and all other parties on 24 December 2015. The correction was opposed by the KRG (in whose favour it would be) by letter dated 5 January 2016 on the ground that the error was not computational, clerical or

typographical. There was further correspondence from the Claimants on 12 January 2016 and the KRG on 13 January 2016.

6. The Tribunal considers that the omission of the US$18,581,002 deduction was an error in computation within the meaning of Article 27.1. The Tribunal failed to make a deduction in the calculation of what was owing when, on the Claimants' evidence which it had accepted, such a deduction should have been made.

7. The Tribunal therefore orders that in paragraphs 90 and 105(a) of the Award, the figure US$1,963,370,320 shall be substituted for the figure US$1,981,951,322 and that this Memorandum shall become for all purposes part of the Award.

Seat of arbitration: London, United Kingdom.

Signed:

The Rt Hon Lord Hoffmann
(Presiding Arbitrator)

The Rt Hon Lord Collins of Mapesbury

Mr John Beechey

20 January 2016