# Exhibit E

**CHEESWRIGHTS**
NOTARIES PUBLIC

TO ALL TO WHOM THESE PRESENTS SHALL COME, I **EDWARD GARDINER** of the City of London, England **NOTARY PUBLIC** by royal authority duly admitted, sworn and holding a faculty to practise throughout England and Wales, DO HEREBY CERTIFY that the photographic copies hereunto annexed are true copies of the original document and of my original notarial certificate attached thereto bearing the apostille of the Hague Convention of 5th October 1961 abolishing the requirement of legalisation for foreign public documents, I having carefully collated and compared the said copies with the said originals and found the same to agree therewith.

IN FAITH AND TESTIMONY WHEREOF I the said notary have subscribed my name and set and affixed my seal of office in London, England this fourth day of May in the year two thousand and seventeen.



 International Union of Notaries
 SCRIVENER NOTARIES

Regulated by the Faculty Office of the Archbishop of Canterbury
Bankside House  107 Leadenhall Street  London EC3A 4AF
Tel 020 7623 9477  Fax 020 7626 1504
E-mail notary@cheeswrights.co.uk
DX 627 / London City EC3   www.cheeswrights.co.uk

| | APOSTILLE | | |
|---|---|---|---|
| | (Convention de La Haye du 5 octobre 1961) | | |
| 1. | **Country:** <br> Pays / Pais: | United Kingdom of Great Britain and Northern Ireland | |
| | **This public document** <br> Le présent acte public / El presente documento público | | |
| 2. | **Has been signed by** <br> a été signé par <br> ha sido firmado por | Edward Gardiner | |
| 3. | **Acting in the capacity of** <br> agissant en qualité de <br> quien actúa en calidad de | Notary Public | |
| 4. | **Bears the seal / stamp of** <br> est revêtu du sceau / timbre de <br> y está revestido del sello / timbre de | The Said Notary Public | |
| | **Certified** <br> Attesté / Certificado | | |
| 5. | **at** <br> á / en | London | 6. **the** <br> le / el día | 04 May 2017 |
| 7. | **by** <br> par / por | Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs | |
| 8. | **Number** <br> sous no / bajo el numero | APO-317709 | |
| 9. | **Seal / stamp** <br> Sceau / timbre <br> Sello / timbre | | 10. **Signature** P. Forbes <br> Signature <br> Firma |

This Apostille is not to be used in the UK and only confirms the authenticity of the signature, seal or stamp on the attached UK public document. It does not confirm the authenticity of the underlying document. Apostilles attached to documents that have been photocopied and certified in the UK confirm the signature of the UK official who conducted the certification only. It does not authenticate either the signature on the original document or the contents of the original document in any way.

If this document is to be used in a country not party to the Hague Convention of the 5th of October 1961, it should be presented to the consular section of the mission representing that country

To verify this apostille go to www.verifyapostille.service.gov.uk

LONDON COURT OF INTERNATIONAL ARBITRATION

ARBITRATION NO. 132527

BETWEEN:

PEARL PETROLEUM COMPANY LIMITED
DANA GAS PJSC
CRESCENT PETROLEUM COMPANY INTERNATIONAL LIMITED
<u>Claimants</u>

and

THE KURDISTAN REGIONAL GOVERNMENT OF IRAQ

<u>Respondent/Counterclaimant</u>

**MEMORANDUM OF CORRECTION**

1. By their Request for Correction of the Third Partial Final Award dated 30 January 2017 ("the Request"), the Claimants seek three specific corrections of the Tribunal's Third Partial Final Award herein ("the 3rd PFA").

2. The 3rd PFA was issued to the Parties in pdf format under cover of an email from the LCIA Deputy Registrar dated 13 February 2017.

3. The Request, which is dated 8 March 2017, was received by the LCIA and by the Tribunal under cover of an email from the Claimants' Co-Counsel, Freshfields Bruckhaus Deringer LLP, of the same day.

4. The corrections sought are:

    (i) the correction of what is described as a clerical error, which resulted in the omission from the dispositive section of the 3rd PFA of any reference to:
      (a) the Order for payment of US$1,654,000 in respect of Claimants' claim under the SAP at paragraph 99 of the 3rd PFA;
      (b) the award to Dana and Crescent of simple interest at LIBOR + 2% on the sums payable in respect of the SAP claim; and
    in consequence, the need for a clarification, such that it is made clear that the Claimants' SAP claim was not dismissed pursuant to paragraph 254(h) of the dispositive section of the PFA, which states that: "[a]ll other claims by the Claimants are dismissed";

    (ii) the correction of what is said to be a clerical error as a result of which, the dispositive section of the 3rd PFA failed to address the award of interest to be paid on amounts due in respect of condensate and LPG

1

lifted up to 30 June 2015 (i.e., interest on the amounts ordered in the 2nd PFA). Paragraph 125 of the 3rd PFA confirmed the entitlement of Pearl to interest on sums owing on amounts due in respect of condensate and LPG sold, or agreed to be sold, to the KRG in all periods up to 31 March 2016, which included amounts awarded to Pearl under the 2nd PFA. However, at paragraph 254(d) of the dispositive section of the 3rd PFA, interest is awarded only in respect of liquid lifted by, or on behalf of, the KRG between 30 June 2015 and 31 March 2016; and

(iii) the correction of paragraphs 254(d) and (e) of the dispositive section of the 3rd PFA, such that:
(a) two references to 'Claimants' in paragraphs 254(d) and (e) are changed to 'Pearl' to reflect, first, the ruling of the Tribunal in its First Partial Award of 30 June 2015 that "the HoA was validly assigned by Dana and Crescent to Pearl by the assignment agreement of 5 February 2009" and from which it follows that sums due to be paid by the KRG in respect of the claims for liquids and the Pewand invoices fall to be paid to Pearl and not to the Claimant; and, second, the Tribunal's order in the 2nd PFA, that the KRG pay to Pearl an amount in respect of condensates and LPG lifted by, or on behalf of, the KRG up to 30 June 2015;
(b) the reference at paragraph 254(e) to payments made by 'it' (i.e., Pearl) are changed to 'the Claimants' because such payments were made by the Claimants and not by Pearl; and
(c) the reference to the date of '30 June 2015' at paragraph 254(d) is changed to '1 July 2015', because the period covered by the 2nd PFA extended to, and included, 30 June 2015. The correction is necessary to make clear that any amounts due in respect of liquids lifted by, or on behalf of, the KRG on 30 June 2015 have not been counted twice in both the 2nd and 3rd PFAs.

5. The Claimants therefore request that the 3rd PFA be corrected as follows:

(i) in order to correct the error described at paragraph 4(i) above, by the addition of the following new sub-paragraph between sub-paragraphs 254(d) and (e) of the 3rd PFA:

"254(dd). We order the KRG to pay to the Claimants US$1,654,000 in respect of the Claimants' claim for costs incurred under the SAP, together with simple interest accruing from the date such costs were incurred at the rate of LIBOR plus two percent.";

(ii) in order to correct the error described at paragraph 4(ii) above, by the addition of a new (supplementary) sub-paragraph between sub-paragraphs 254(f) and 254(g) of the 3rd PFA as follows:

"254(ff) We order the KRG to pay to Pearl interest on the amounts that the KRG was ordered to pay to Pearl at paragraph

2

      105(a) of the Second Partial Final Award from the dates on which payment for such liquids was due until compliance with this order at the rate of LIBOR plus two percent compounded monthly."; and

(iii)    in order to correct the error described at paragraph 4(iii) above, revisions to sub-paragraphs 254(d) and 254(e) of the 3rd PFA as follows:

    "254(d). We order the KRG to pay Pearl $US$121,095,282 in respect of condensate and LPG lifted by or on behalf of the KRG between 1 July 2015 and 31 March 2016, together with interest from the dates on which payment for such liquids was due until compliance with this order at the rate of LIBOR plus two percent compounded monthly.

    254(e). We declare that the KRG is liable to refund to Pearl the payments which the Claimants made to Pewand Petrol Transporting and Food Inc. ("Pewand") for lifting condensate and LPG on behalf of the KRG together with interest from the dates on which such payments were made until compliance with this order at the rate of LIBOR plus two percent compounded monthly."

6. By email dated 28 March 2017, the Tribunal invited the KRG to comment upon the Request by close of business on Friday 31 March 2017. No comments were submitted by the KRG within the time limit prescribed by the Tribunal.

7. Article 27 of the 1998 LCIA Rules ("the Rules") provides for the correction of awards and additional awards. Specifically, Article 27.1 provides as follows:

    "27.1    Within 30 days of receipt of any award, or such lesser period as may be agreed in writing by the parties, a party may by written notice to the Registrar (copied to all other parties) request the Arbitral Tribunal to correct in the award any errors in computation, clerical or typographical errors or any errors of a similar nature. If the Arbitral Tribunal considers the request to be justified, it shall make the corrections within 30 days of receipt of the request. Any correction shall take the form of separate memorandum dated and signed by the Arbitral Tribunal or (if three arbitrators) those of its members assenting to it; and such memorandum shall become part of the award for all purposes."

8. On the basis of the matters recorded in paragraphs 2 and 3 above, the Tribunal concludes that the Request was submitted in a timely manner and in conformity with the requirements of Article 27.1 of the Rules and that it may be entertained.

9. The Claimants seek correction of what they deem to be errors, which they have identified in the 3rd PFA and which, they maintain, fall within the ambit of Article 27.1 of the Rules. The KRG has not raised any objection to the Request

3

generally, or to the basis upon which any of the requests for correction of matters identified as errors has been referred for review by the Tribunal in particular. The Tribunal holds that the Claimants' Request is justified. In the opinion of the Tribunal, the Request draws attention to matters, which are properly identified as errors in the 3rd PFA susceptible to correction pursuant to the provisions of Article 27.1 of the Rules.

10. Accordingly, the Tribunal now issues this Memorandum of Correction pursuant to which the text of the 3rd PFA shall be corrected as follows:

   (i) **by the interpolation of a new sub-paragraph 254(dd):**

   "We order the KRG to pay to the Claimants US$1,654,000 in respect of the Claimants' claim for costs incurred under the SAP, together with simple interest accruing from the date such costs were incurred at the rate of LIBOR plus two percent.";

   (ii) **by the interpolation of a new sub-paragraph 254(ff):**

   "We order the KRG to pay to Pearl interest on the amounts that the KRG was ordered to pay to Pearl at paragraph 105(a) of the Second Partial Final Award from the dates on which payment for such liquids was due until compliance with this order at the rate of LIBOR plus two percent compounded monthly.'; and

   (iii) **by the amendment of paragraphs 254(d) and 254(e) as follows:**

   "(d) We order the KRG to pay Pearl $US$121,095,282 in respect of condensate and LPG lifted by or on behalf of the KRG between 1 July 2015 and 31 March 2016, together with interest from the dates on which payment for such liquids was due until compliance with this order at the rate of LIBOR plus two percent compounded monthly.

   (e). We declare that the KRG is liable to refund to Pearl the payments which the Claimants made to Pewand Petrol Transporting and Food Inc. ("Pewand") for lifting condensate and LPG on behalf of the KRG together with interest from the dates on which such payments were made until compliance with this order at the rate of LIBOR plus two percent compounded monthly."

11. This Memorandum shall become part of the 3rd PFA for all purposes.

Place of Arbitration: London, UK     4 April 2017

_____
Lord Hoffmann

_____
John Beechey

_____
Lord Collins